(94 South. 123)

### BEASON v. SOVEREIGN CAMP, W. O. W.
(7 Div. 192.)

(Supreme Court of Alabama. Oct. 26, 1922.)

**1. Pleading ⬡⇒204(3)—Demurrer not appropriate to test sufficiency of claim for money for erection of monument in same count with claim on benefit certificate.**

A demurrer on any other ground than that of misjoinder of causes of action in one count is not appropriate to test the sufficiency of a claim, included with a claim on a benefit certificate, for money for the erection of a monument to insured's memory, as a demurrer will lie to part of a count only in exceptional cases.

**2. Appeal and error ⬡⇒680(2)—Error in sustaining demurrer to count not available where demurrer not in record.**

Error in sustaining a demurrer to the complaint cannot be urged on appeal where the demurrer is not incorporated in the transcript.

**3. Appeal and error ⬡⇒737—Single assignment of error in overruling demurrers to several pleas not available if any one was sufficient.**

A single assignment of error in overruling demurrers to several pleas cannot avail, if any one was not subject to the demurrer.

**4. Insurance ⬡⇒815(2)—Plea averring falsity of applicant's answer as to date of birth and consequent assessment at smaller rate held sufficient.**

In an action on a benefit certificate, a plea averring that insured answered falsely in his application as to his age and the date of his birth, and hence was assessed at a monthly rate materially less than he was entitled to, was sufficient on demurrer.

**5. Pleading ⬡⇒352—Replication traversing plea that insured was not in good health when policy was delivered improperly stricken.**

In an action on a benefit certificate, a replication averring that insured was in good health when the policy was delivered, being in essence a general replication casting on defendant the burden of proving the averment of its plea to the contrary, was improperly stricken.

**6. Appeal and error ⬡⇒737—Assignment of error in sustaining demurrers to several replications unavailing if any one was insufficient.**

A single assignment of error in sustaining demurrers to several replications cannot avail appellant if any one of such replications was insufficient.

**7. Pleading ⬡⇒204(6)—Demurrer criticizing part only of replication to which addressed improperly sustained.**

In an action on a benefit certificate, a demurrer to a replication averring that insured did not have cancer "or tumor" at the time of his application, "so far as he had any knowledge," on the ground that "it is immaterial that [he] did not know that he had cancer," was erroneously sustained, though the absence of such knowledge or notice was not necessary to contradict the fact; the demurrer alleging the immateriality of insured's want of knowledge of his affliction with cancer only.

**8. Insurance ⬡⇒723(6)—Replication denying attendance of physician for any disease "tending to shorten life or increase risk" held demurrable.**

In an action on a benefit certificate, a demurrer to a replication averring that insured had not been attended by nor consulted a physician for five years preceding his application for any disease unknown to defendant "which might tend to shorten life or increase the insurer's risk" was properly sustained; the warranty averred in the plea to which the replication was addressed not being dependent on the character or quality of the disease or the cause for the attendance or consultation of a physician.

**9. Insurance ⬡⇒723(9)—Replication denying insured's excessive or intemperate use of liquors held insufficient on demurrer.**

In an action on a benefit certificate, where defendant averred that insured falsely answered in the negative a question in his application as to whether he drank certain liquors, a replication denying such "intemperate or excessive" consumption thereof as would increase the risk was insufficient on demurrer; the question importing no more than an inquiry as to the habitual, not occasional, consumption of such liquors.

**10. Insurance ⬡⇒724(2)—Replication averring that date of birth was inserted in application by insured's agent held demurrable.**

In an action on a benefit certificate, where defendant averred that insured, in his application, gave the date of his birth as a year later than the true date, a replication averring that the clerk of the local camp inserted or had inserted the date of birth when informed by insured that he did not remember the year was subject to demurrer, in the absence of an averment of such clerk's authority as agent to bind the order or alter its regulations; the warranty being effective without reference to the person writing in the answer.

---

**11. Insurance** ☞745—**Act held inapplicable to insurance contract consummated prior to its enactment.**

Act Feb. 17, 1919 (Gen. Acts, pp. 118, 119), declaring fraternal benefit certificates incontestible on the ground of fraud in the application after two years, and providing that no misrepresentation or warranty therein shall defeat the contract unless intended to deceive or made concerning a matter increasing the risk, is not a procedural statute, the operation of which is limited to the remedy for its enforcement, but affects the contract itself, and hence is inapplicable to a contract consummated prior to its enactment.

**12. Insurance** ☞825(2)—**General affirmative instruction erroneous, where evidence is not conclusive.**

In an action on a benefit certificate, where the evidence and inferences therefrom as to the true date of insured's birth, whether he was afflicted with cancer when the application was made, and whether he was then in the habit of drinking certain liquors, was not conclusive, the court erred in giving a general affirmative instruction for defendant.

**13. Insurance** ☞817(2)—**Applicant presumed to have given true date of birth.**

The presumption is that an applicant for a benefit certificate gave the true date of his birth.

**14. Evidence** ☞338—**Certified copies of benefit society's constitution and by-laws admissible in action on certificate.**

In an action on a benefit certificate, certified copies of the constitution and by-laws of defendant are admissible in evidence (Gen. Acts 1911, p. 703, § 8).

Appeal from Circuit Court, Cleburne County; A. P. Agee, Judge.

Suit by Minnie C. Beason against the Sovereign Camp of the Woodmen of the World. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Defendant's plea No. 8 reads as follows:

"L. T. Beason, on, to wit, September 5, 1917, made a written application to join defendant order, which application constitutes a part of the contract sued on and contains the following provision: 'I hereby certify, agree, and warrant that all the statements, representations, and answers in this application, consisting of two pages, as aforesaid, are full, complete, and true, whether written by my own hand or not, and any statements made by me shall be warranties, and I agree that for any untrue statement or answer made by me in this application or to the examining physician, or any concealment of facts in this application, or to the examining physician, intentional or otherwise, my beneficiary certificate shall become void, and all rights of any person or persons thereunder shall be forfeited.' Said Beason in said application made the statement that he was born on the 4th day of December, 1876. Defendant alleges that said warranty and statement was untrue, in this, that the said Beason was in fact born on the 4th day of December, 1875; that at the time the said application was made the assessment rates of defendant were graduated according to the age and occupation of the applicant, and the said Beason, at the age of 41 years, the age at which he represented himself to be, took the rate of assessment of $3.75 per month; that at that time defendant's assessment rates for applicants who were 42 years of age, which was the real and true age of Beason at that time, was $5 per month; that on account of the untrue representation of his age, as above set out, the said Beason induced this defendant to fix his assessment rate at $1.25 per month less than he was entitled to. Wherefore defendant is not indebted to plaintiff."

Merrill & Jones, of Heflin, for appellant.

Count 4 of the complaint was good. 7 Ala. App. 255, 60 South. 1006. Pleas 2 to 12 were bad as against plaintiff's demurrer. 132 Ala. 640, 32 South. 733; Acts 1919, p. 118; 204 Ala. 210, 85 South. 762; 118 Va. 329, 87 S. E. 581, Ann. Cas. 1918D, 1002; 201 Ala. 687, 79 South. 259; 195 Ala. 263, 70 South. 768; 31 South. 809. Replications 2 to 11 were sufficient. Authorities, supra; 77 Ala. 210; 55 Hun, 606, 7 N. Y. Supp. 847; 94 Ill. App. 117; 107 N. Y. 292, 14 N. E. 271; 84 Ala. 106, 4 South. 36; 13 Ala. App. 524, 69 South. 410; 86 Ala. 189, 5 South. 500; 130 Ala. 536, 30 South. 488, 54 L. R. A. 749, 89 Am. St. Rep. 55; 89 Me. 266, 36 Atl. 389; 56 Am. St. Rep. 412; 88 Minn. 423, 93 N. W. 608, 97 Am. St. Rep. 532. There being a conflict in the testimony, the affirmative charge should not have been given. 203 Ala. 636, 84 South. 810; 81 South. 246; 204 Ala. 210, 85 South. 762.

C. H. Roquemore, of Montgomery, for appellee.

The beneficiary has no right to collect the $100 for a monument. 31 South. 809; 80 Miss. 546, 32 South. 4. The certificate issued upon the faith of the truthfulness of said application, and a lower rate of premium given, was void, if the statement was untrue. 197 Ala. 541, 73 South. 97.

McCLELLAN, J. The court, upon request, gave general affirmative instruction for the defendant, appellee, in appellant's action on a benefit certificate, payable to appellant, issued in September, 1917, by the defendant, insuring the life of L. T. Beason who died of a form of cancer on April 9, 1919.

[1] The first amendment of the complaint —effected by substitution of three counts for the original complaint—included, along with a claim on the "policy," a claim for $100 "towards the erection of a monument to the memory of" the insured. Aside from the ground of demurrer taking the objection of misjoinder of causes of action in one count, demurrer was not appropriate to test the sufficiency of the claim for $100, since only

in exceptional cases will demurrer lie to a part of a count. Ansley v. Bank, 113 Ala. 477, 478, 21 South. 59, 59 Am. St. Rep. 122.

[2] As for the objection of misjoinder, the counts do not on their face disclose that the cause of action based on the "policy" was a distinct cause of action from that declared on in respect of the $100 towards the erection of a monument. For aught that appears from the averments of these counts, the agreement to pay the $100 was expressed in the "policy" insuring Beason. The fourth count separately claimed the $100 in this form:

"Count 4. And the plaintiff claims the other, further, and additional sum of $100, which the defendant agreed in writing as a part of the condition of said policy to pay, in the following language, to wit: 'There shall also be paid the sum of one hundred dollars for the erection of a monument to his memory [meaning the memory of L. T. Beason, deceased], as provided in the constitution and by-laws of the society'—and that said amount is past due and unpaid."

The judgment entry recites that demurrer to count 4 was sustained. There is no demurrer to count 4 in the transcript. The demurrers to counts 1, 2, and 3 of the amended (substituted) complaint were filed September 8, 1920; and count 4 was filed the next day, September 9, 1920. In view of the phrase quoted from the "policy" in count 4, wherein provisions in the order's laws are specifically made an element of the definition of the obligation to pay the $100 towards a monument, it cannot be affirmed that count 4 was not demurrable on any ground; and hence, in the absence of the demurrer to count 4, error cannot be predicated of the action of the court in sustaining demurrer to count 4. When reference is had to appropriate provisions in the order's constitution and by-laws, set out in the evidence and mentioned in count 4, it appears that neither the insured nor his beneficiary was promised or assured the payment of this monument fund; the stipulation being that the order would pay that amount to the contractor erecting the monument. W. O. W. v. Burgess (Miss.) 31 South. 809; W. O. W. v. Woodruff, 80 Miss. 546, 32 South. 4.

[3] Thirteen pleas were interposed. As to pleas 1 to 12, inclusive, plaintiff's demurrers were overruled. The single assignment of error on this feature of the case is this:

"The court erred in overruling plaintiff's demurrers to defendant's pleas 2 to 12, inclusive."

This assignment, thus jointly assailing the action of the court, cannot avail appellant if any one of the pleas was not subject to the plaintiff's demurrer. Jordan v. Rice, 165 Ala. 650, 51 South. 517; Roach v. Wright, 195 Ala. 333, 70 South. 271.

[4] Whatever may be thought of some of them, all of the pleas were not bad. Plea 8, reproduced in the report of the appeal, will serve as an illustration. This plea set up breach of warranty, in this, that in the application the applicant made untrue answer as to the date of his birth and age; that he was in fact older than his answer disclosed; and that by reason of this untrue statement he was assessed at a monthly rate materially less than he was really entitled to. The plea was sufficient under the authority of Ala. Gold Life Ins. Co. v. Garner, 77 Ala. 210. In 1 A. L. R. 463 et seq., the annotators have collected the decisions treating the subject. According to the established rules of this court, the appellant can take nothing under the joint assignment of error quoted ante.

[5] Replication 1 to plea 2 was erroneously stricken on defendant's motion. In consonance with its view of the "policy's" provisions with respect to the existing "good health" of the insured at the time of actual delivery of the "policy," the defendant averred that insured was not then in "good health." The replication, traversing the pith of the plea, alleged the insured was in "good health" at the time averred in the plea. It was, in essence, a general replication, casting the burden of proof on the defendant under its plea 2, and should not have been stricken. Miller v. Johnson, 189 Ala. 354, 66 South. 486.

[6] The assignment of error with reference to the action of the trial court in sustaining defendant's demurrers to replications 2 to 11, inclusive, is likewise joint. If any one of these replications was insufficient on demurrer, the assignment cannot avail appellant.

[7] Replication 2 was addressed to plea 3 only. Plea 3 averred breach of warranty, imported by the terms of the application, consequent upon applicant's statement in the application "that he did not have or ever had had cancer or tumor," and that the statement was untrue, in that at the time applicant was afflicted with "cancer or tumor." Replication 2 read:

"(2) And in reply to defendant's plea 3 the plaintiff says that on or about the 5th day of September, 1917, the said L. T. Beason did not have cancer or tumor, so far as he had any knowledge of; that on said September 5, 1917, the said L. T. Beason was in good health so far, and had not consulted any physician on account of his health, and was not advised and did not know that he was suffering from any symptoms of any disease that might impair his health."

The second ground of demurrer to this replication—the only other ground was general —was that "it is immaterial that said Beason did not know that he had cancer at the time he made the warranty, as alleged in the plea." As appears, the demurrer confined its criticism to the immateriality of Beason's want of knowledge of his affliction with cancer; whereas both the plea (3) and

the replication (2) thereto denied Beason's knowledge of his affliction with tumor, which growth is not necessarily cancerous in any degree. The court erred in sustaining the demurrer to replication 2 to plea 3; so, notwithstanding the absence of knowledge or notice on the part of applicant of his affliction with either cancer or tumor, or the absence of manifestations thereof discovered by him or by a physician consulted that was not necessary to effect a contradiction of the fact, made a warranty in the application and in the contract of which the application was a part, that he had neither "cancer nor tumor" at the time he applied for membership and the insurance. 1 Bacon's Life & Acci. Ins. (4th Ed.) § 288.

On like considerations, though differently projected, the court erred in sustaining the demurrer to replication 3 to plea 4. The demurrer's only ground, aside from a general ground, pointed a criticism that was applicable only to a part of the replication (3), the replication also carrying the express averment that applicant was not afflicted with "cancer or tumor," in denial of the allegation that he was so afflicted when the application was made.

[8] Replication 4 was addressed to plea 5. This plea predicated a breach of warranty upon the denial in the application that the applicant consulted a physician or had been examined by a physician during the preceding five years, and averred the applicant had consulted or been attended by a physician "for some disease, but what disease is unknown to this defendant." The replication was as follows: That Beason "had not been attended by and had not consulted any physician for any disease unknown to defendant which might tend to shorten life or increase the insurer's risk." The demurrer pointed out the immateriality of the replication's concluding averment. The replication was demurrable on the ground taken. 1 Bacon, § 284, note 386; 25 Cyc. pp. 816–818. The warranty averred in plea 5 was not dependent upon the character or quality of the disease or the cause for the attendance or consultation of a physician.

[9] Plea 6 predicated an averment of breach of warranty upon the applicant's untrue answer in the application to this question: "Do you drink wine, spirits, or malt liquors?" The answer was "No." The plea averred that he did in fact drink such liquors "from time to time." Replication 5 replied that the applicant did not drink the liquors mentioned "excessively or intemperately * * * such as would increase the insurer's risk at the time the said benefit certificate was issued or application therefor made." The demurrer objected, in substance, that a breach alleged in the plea (6) was consummated notwithstanding the drinking was not intemperate or excessive, increasing the risk. For the purpose of passing up-

on the demurrer, the sufficiency of this replication's averments depends upon the scope and effect of the warranty alleged in plea 6. The scope and effect of the question and answer, as warranties, are subject to construction. The question imported no more than an inquiry as to the habitual, not the occasional, consumption of the liquors mentioned. Van Valkenburgh v. American, etc., Co., 70 N. Y. 605; Mutual Life Ins. Co. v. Simpson (Tex. Civ. App.) 28 S. W. 837, 839, citing other authorities; 1 Bacon, § 285, p. 545. Had the replication confined its averment to a denial of applicant's habitual, not occasional, consumption of the liquors mentioned in the question, rather than an allegation denying such intemperate or excessive consumption as increased the risk, the replication would not have been subject to the demurrer.

[10] Replication 6 was addressed to plea 7. Plea 7—similar in nature, though not so full as plea 8, to which reference has been hereinabove made—asserted a breach of warranty with respect to the date of applicant's birth. It averred that in the application he gave December 4, 1876, as the date of his birth; whereas the true date of his birth was December 4, 1875, a year earlier. Replication 6 to this plea (7) was as follows:

"(6) The plaintiff in reply to defendant's plea No. 7 states that on the 5th day of September, 1917, when the said L. T. Beason's application was made to join defendant and for said benefit certificate, that W. H. Morrison, who was the clerk of the Camp No. —— of Cleburne County, Ala., of the Sovereign Camp of the Woodmen of the World, filled out or had filled out the application of said L. T. Beason; that said Morrison asked the same L. T. Beason the date of his birth, whereupon the said L. T. Beason stated December 4; that said Morrison asked the said Beason his age, whereupon the said Beason answered 41 years; that said Morrison asked the said Beason the year in which he was born, whereupon the said L. T. Beason stated he did not remember, when the said Morrison said he would figure it out and see for himself, which he did, and that the result of said Morrison's findings as to his figures were not read over to the said Beason; that in writing down the figures which the said Morrison made or had made he was acting as agent of the defendant, and not of L. T. Beason, and the said defendant is thereby estopped to complain at the mistake made on account of any mistake as to the age of the said L. T. Beason."

The replication was subject to the demurrer. The warranty averred in plea 7 was, according to the terms employed in the application, effective without reference to the person writing in the answer. The replication did not aver Morrison's possession of authority as agent to bind the order or to alter its regulations. Woodmen, etc., v. McHenry, 197 Ala. 541, 73 South. 97.

[11] The act approved February 17, 1919 (Gen. Acts, pp. 118–119), is without applica-

tion to the contract of insurance here declared on, which was consummated in September, 1917, two years prior to its enactment. The act of 1919 is not a procedural statute. Its effect is upon the contract itself. Its operation is not limited to remedy for enforcement. It can only apply to contracts entered into subsequent to its enactment. Replications A and B, drawn with a view to availing of provisions of the act of 1919, were inappropriate.

[12] Upon the issues (a) whether the true date of applicant's birth was December 4, 1876, or 1875, and (b) whether the applicant was afflicted with cancer when the application was made, and (c) whether at the like time the applicant was in the habit of drinking one or more of the liquors specified in the pleading, the evidence, as well as inferences therefrom, was not conclusive; and the court erred in giving general affirmative instruction at defendant's instance.

[13] There was a presumption that the applicant gave, in the application, the true date of his birth. Ala. Gold Life Ins. Co. v. Mobile, etc., Co., 81 Ala. 329, 331, 1 South. 561.

[14] The certified copies of the constitution and by-laws were properly admitted in evidence. Gen. Acts 1911, § 8, p. 703.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.