ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

---

(106 So. 335)

### MILLER v. METROPOLITAN LIFE INS. CO. (8 Div. 722.)

(Supreme Court of Alabama. Nov. 5, 1925.)

**1. Insurance ⬅640(2)—Plea failing to allege that representation of insured as to previous health was material to the risk held sufficient, where insured was suffering from cancer.**

In action on insurance policy, a special plea, though failing to allege explicitly that illness,

with which insured suffered prior to his application for policy, in which he represented his health to be good, was intrinsically material to the risk, is sufficient, where insured was suffering from cancer prior to application.

**2. Evidence ☞14—Courts judicially know that victim of cancer does not enjoy good health.**

Courts judicially know that cancer tends materially to shorten life, and that its victim does not enjoy good health as such term is used in life insurance applications.

**3. Appeal and error ☞1040(13) — Error in sustaining pleas not prejudicial where right result reached.**

Erroneous rulings, sustaining special pleas, are not prejudicial, where no judgment other than that rendered could be sustained under evidence.

**4. Insurance ☞291(5)—Facts held to show that insured's answers as to previous health were made knowingly false and with intent to deceive.**

Where undisputed evidence showed that insured was suffering from cancer, and within 12 months prior to taking out policy had undergone an operation for its removal, and that it was a contributing cause of his death a few months after issue of policy, this representation that he was in good health was necessarily false, and recovery cannot be allowed.

**5. Appeal and error ☞1042(2)—Striking of special replications covered by general replication held not reversible error.**

Striking of special replications, in suit on insurance policy, which were merely a denial of material allegations of special pleas and were covered by general replication which was well pleaded *held* not reversible error.

Appeal from Circuit Court, Madison County; James E. Horton, Judge.

Action on a policy of life insurance by Alvin Newt Miller against the Metropolitan Life Insurance Company. From a judgment for defendant, plaintiff appeals. Affirmed.

R. C. Brickell and S. H. Richardson, both of Huntsville, for appellant.

No written or oral misrepresentation or warranty made in negotiating for a policy of insurance shall defeat the policy, unless made with actual intent to deceive, or unless the matter misrepresented increases the risk. Code 1923, § 8364; Empire L. I. Co. v. Gee, 171 Ala. 435, 55 So. 166; Mass. Mutual Co. v. Crenshaw, 186 Ala. 460, 65 So. 65; 3 Cooley's Briefs on Ins. 2163. It was error to give the affirmative charge for defendant.

Eyster & Eyster, of Albany, and Douglass Taylor, of Huntsville, for appellee.

Defendant proved every averment of every plea without contradiction, and if any one plea was good as against demurrer, the ac-

tion of the trial court should be upheld under Supreme Court rule 45. Am. Nat. Ins. Co. v. Rosenbrough, 207 Ala. 538, 93 So. 502.

SAYRE, J. [1-5] Suit on a policy of insurance. Some of the rulings in favor of the special pleas were erroneous, but that, in our opinion, is not now a matter of consequence. All that can be said against special plea numbered 3 is that it fails to allege explicitly that the complaint with which plaintiff (appellant) had suffered prior to his application for the policy in suit, in which he represented that his health was good, whereas he was suffering from cancer, was intrinsically material to the risk; but no doubt we know that a person afflicted with cancer does not enjoy good health, and that such disease tends materially to shorten life—that is, to increase the risk of loss. There is no probability that the amendments necessary to the sufficiency of some of the pleas would have made any difference in the evidence introduced on either hand. The evidence shown by the record is without dispute, and from that evidence but one rational conclusion can be drawn, viz.: That insured falsely answered material questions in order to have the insurance company issue the policy in suit. The questions so answered related to matters of insured's previous health and experience, and, necessarily, insured knew his answers were false, and, being false, but one intent can be attributed to insured in making them, viz. the intent to deceive. The evidence showed without conflict or adverse inference that plaintiff, at the time of his application for a policy, was suffering from cancer and within 12 months he had undergone a surgical operation for its removal—as some other of the pleas undertook to allege, his representations to the contrary notwithstanding—and that it was a contributing cause of his death a few months after the issuance of the policy. Men must be presumed to intend the natural consequences of their voluntary acts and declarations. In the case shown by the record, there is no satisfactory reason for a reversal. No court, on the evidence here shown, would permit a verdict for the plaintiff (appellant) to stand. It results that the court committed no reversible error in giving the general charge requested by the defendant. As we have said, the other rulings complained of are now of no consequence. The special replications stricken were nothing more in legal effect than a denial of material allegations of the special pleas, and so were covered by the general replication which was well pleaded.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.