(114 So. 915)

**SOVEREIGN CAMP, W. O. W. v. GIBBS.**
**(8 Div. 961.)**

Supreme Court of Alabama.  Oct. 13, 1927.

Rehearing Denied Jan. 12, 1928.

1. **Appeal and error ⬅︎1058(2)—Sustaining objection to interrogatories, if error, was harmless, where substantially same evidence was brought out in answers to other interrogatories.**

In action on beneficiary's certificate, sustaining objections to interrogatories to insurer's physician, if error, was without injury, where insurer got substantial benefit of such interrogatories under answers to other interrogatories.

2. **Evidence ⬅︎505—Interrogatory which was but a speculative conclusion held properly excluded.**

In action on beneficiary's certificate, interrogatory to insurer's physician as to what he would have done had he gotten different information as to insured's health was but speculative conclusion, and properly excluded.

3. **Evidence ⬅︎151(2)—Interrogatory held properly excluded as calling for reason or motive of witness and as irrelevant.**

In action on beneficiary's certificate, interrogatory to insurer's Sovereign Clerk as to whether, at time of issuing certificate, he relied on acceptance of physician, based on truthfulness of representations made by insured in application, was properly excluded as calling for reason or motive of witness, and as not being relevant.

4. **Insurance ⬅︎723(2)—Instruction that misrepresentation by applicant for fraternal insurance does not avoid contract, unless made with intent to deceive or it increases risk, held proper.**

In action on beneficiary certificate, instruction that misrepresentations by applicant cannot avoid contract of insurance, unless made with intent to deceive, or unless they increased risk of loss, held to properly state the law.

5. **Insurance ⬅︎723(6)—Instruction that insured's statement that he had not consulted physician would not avoid policy, unless made with intent to deceive, or risk of loss was increased thereby, held proper.**

In action on beneficiary certificate, instruction that fact that insured had been attended by physician within five years before date of application was not sufficient to avoid contract, unless his statement to the contrary was made with intent to deceive insurer, or that such attendance increased risk of loss, held to properly state the law.

6. **Insurance ⬅︎825(2)—Whether insured's misrepresentation as to attendance by physician was made with intent to deceive or increased risk held for jury.**

Whether insured's misrepresentation in application that he had not previously consulted physician within time prescribed was made with intent to deceive or increased risk is question for jury, and general affirmative charge for insurer was properly refused.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action on a policy of life insurance, or beneficiary certificate, by Ola Gibbs against the Sovereign Camp of the Woodmen of the World.  From a judgment for plaintiff, defendant appeals.  Affirmed.

It appears that the assured, Russell M. Gibbs, made application for the beneficiary certificate in suit on December 8 or 9, 1924, and that the certificate was issued January 26, 1925.  It further appears that the certificate was delivered to the assured on February 9, 1925, at which time he warranted that he was "in good health at this time," and had "not been sick or injured since the date" of his application.  The assured died on February 24, 1925.

Defendant's plea 3 sets up a provision of the certificate to the effect that "there shall be no liability on the Sovereign Camp of the Woodmen of the World under the certificate until the member named therein shall have paid all entrance fees, one advanced annual assessment, or monthly installment of annual assessment, for the month, signed this beneficiary certificate and the acceptance slip attached thereto; been obligated or introduced by a camp or authorized deputy in due form, and had manually delivered into his hands, in person, this beneficiary certificate, while in good health." It is alleged said Russell M. Gibbs was not in good health at the time said certificate was manually delivered into his hands, wherefore the certificate never became effective or binding on the defendant.

By further plea defendant asserts that in his application Gibbs made the statement, answer, and warranty that he had not been attended by a physician for any disease or injury during the past five years; and alleges that said statement, answer, and warranty

was untrue; that Gibbs had, within such period before making the application, been attended and treated by a physician for a disease.

Plaintiff's objections were sustained to the following interrogatories propounded by defendant to the witness Dr. Cloyd:

"If between December 9, 1924, and February 9, 1925, Mr. Gibbs had suffered influenza or la grippe, which went into pneumonia, would he have been a safe risk for life insurance on February 9, 1925? If not, please state fully why not."

"At the time you examined his application, did you know, or had you been informed, that Mr. Gibbs had, within six or eight months prior to his application, consulted, or been attended by, a physician for any disease or injury? If you had, would you have accepted his application?"

"Did you know, or had you been informed, at the time you examined his application, that he had suffered with diseased condition of his heart which caused a slight mitral murmur? If so, would you have accepted his application?"

"If at the time you examined his application you had known or been informed that Mr. Gibbs had within the year next before the date of the application suffered with a disease of his kidneys, called nephritis, which became chronic, and had suffered some disease of his heart, which caused a slight mitral murmur, would you have accepted or rejected said application?"

Interrogatory 11, propounded by defendant to witness Yates, its sovereign clerk, is as follows:

"State whether or not, at the time you issued the benefit certificate, you relied upon the acceptance of Dr. Cloyd based upon the truthfulness of the representations and warranties made by Mr. Gibbs in said application?"

Plaintiff's given charges 1 and 2 are as follows:

"(1) The court charges the jury that a misrepresentation or false statement made by an applicant for a fraternal beneficiary certificate or insurance policy, from a fraternal beneficiary association, whether the said false statement or misrepresentation be oral or written, and whether made in the application or in the policy when it is delivered to the applicant, or in or during the course of the medical examination pursuant to the said application for insurance, cannot operate to avoid the contract of insurance or to render it of no force and effect, unless the said misrepresentation or false statement was made by the applicant at the time, with the intent to deceive, or unless such misrepresentation or false statement increased the risk of loss to the insurance company or fraternal association.

"(2) The court charges the jury that the fact, if it be a fact, that the deceased Gibbs had been attended by or had consulted a physician for a disease or injury within five years before the date of Gibbs' application for the policy sued on, would not of itself be sufficient to avoid the contract of insurance, unless the jury believe to their reasonable satisfaction from the testimony that the said Gibbs, at the time he made the statement that he had not consulted or been attended by a physician within the past five years for any disease or injury, knowingly made the statement with the intent to deceive the company, or else that the fact, if it be a fact, that he had been so attended by or consulted a physician, increased the risk of loss to the company."

C. H. Roquemore, of Montgomery, for appellant.

Charge 1, given for plaintiff, is misleading, and not supported by the evidence, and should not have been given. Miller v. Metropolitan, 214 Ala. 4, 106 So. 335. Counsel discusses other questions raised, but without citing additional authorities.

H. G. Bailey, of Boaz, for appellee.

Plaintiff's charge 1 states the law. Code 1923, § 8507; Sov. Camp v. Bass, 207 Ala. 558, 93 So. 537. A prima facie case for plaintiff was made out, and defendant was not entitled to the affirmative charge. Sov. Camp v. Burrell, 204 Ala. 210, 85 So. 762; Sov. Camp v. Adams, 204 Ala. 667, 86 So. 737. The testimony as to the physical condition of the assured being in conflict, the issue was properly submitted to the jury. Beason v. Sov. Camp, 208 Ala. 276, 94 So. 123.

ANDERSON, C. J. [1, 2] There was no error in sustaining the objections to the interrogatories to Dr. Cloyd, the defendant's "Sovereign Physician," or, if there was as to some, it was without injury, as defendant got the substantial benefit of same under answers to other interrogatories. As to what the witness would have done had he gotten other or different information as to the insured's health was but a speculative conclusion.

[3] There was no error in sustaining the objection to interrogatory 11 to witness Yates. In the first place it called for the reason or motive of the witness; and, second, the only contention of counsel as to its relevancy was that it tended to disapprove the plaintiff's replication, which said replication was charged out by the trial court.

[4, 5] Charges 1 and 2, given at the request of the plaintiff, asserted the law. Sovereign Camp, W. O. W., v. Hutchinson, 214 Ala. 540, 108 So. 520. If abstract or misleading as argued in brief of counsel, this may have justified a refusal, but did not render the giving of same reversible error.

[6] It is next insisted that the defendant should have had the general affirmative charge because its special pleas, or some of them, were proven beyond dispute. In this we are not dealing with a motion for a new trial or the weight of the evidence, but whether or not there was a conflict or inference from which a conflict could be reasonably drawn. There was no doubt but what the insured misstated the fact that he had not previously

consulted a physician within the time prescribed, but as to whether the misrepresentation was made with the intent to deceive or increased the risk was a question for the jury. There was considerable evidence tending to show that the diagnosis was of such a malady as tended to increase the risk, but, unless the accused knew it, which was a question for the jury, he did not make the misstatement with the intent to deceive. As to whether or not the misstatement was as to something that increased the risk was a question for the jury. The examining doctor certified to his good health at the time the application was made, and, whether this was true or not, it tended to show that the ailments disclosed on previous treatments did not exist or had been cured. Beason v. Sov. Camp, 208 Ala. 276, 94 So. 123.

The case of Miller v. Metropolitan Life Ins. Co., 214 Ala. 4, 106 So. 335, is unlike the present case, as the insured there had cancer, and had been operated on for it within twelve months, and the court took judicial notice that cancer was such a disease as tended to shorten life, and materially increase the risk.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.