(130 So. 402)

**INDEPENDENT LIFE INS. CO. v. CARROLL.**

**6 Div. 684.**

Supreme Court of Alabama.

Oct. 9, 1930.

Rehearing Denied Nov. 6, 1930.

Huey, Welch & Stone, of Bessemer, for appellant.

36

Lipscomb & Lipscomb, of Bessemer, for appellee.

GARDNER, J.

This suit is upon a life insurance policy insuring the life of Josephine Carroll, the wife of plaintiff, the beneficiary named therein. There was judgment for plaintiff, and defendant appeals.

Upon remandment of the cause following reversal of the judgment on former appeal (Independent Life Ins. Co. v. Carroll, 219 Ala. 79, 121 So. 88), the pleadings were materially altered and the case presented in a very different aspect. Count 2, upon which alone the cause was tried on plaintiff's part, incorporated, as a part thereof, the policy of insurance which contained an incontestable clause as follows: "This policy shall be incontestable from date of issue except for nonpayment of premium, actual and intended fraud or for engaging in military or naval service in time of war, without permission from the company; if insured died by his or her own hand within one year from date thereof, whether sane or insane, or resulting from a crime or any attempt thereat only one-half of the premium actually paid to the company will be the company's liability hereunder." The pleadings on former appeal did not present this incontestable clause, as there were no replications to defendant's pleas, and it was not otherwise brought forward, a situation similar to that noted in the recent case of Independent Life Ins. Co. v. Butler (Ala. Sup.) 129 So. 466.[1] But upon a retrial of the cause this clause appears in the complaint and, being so pleaded by plaintiff in anticipation of any defense to be interposed, we are of the opinion defendant's pleas which ignore entirely this feature of the case were insufficient and properly ruled out on demurrer.

■ This incontestable clause is valid and binding as held by the authorities generally (37 Corpus Juris, pp. 539–545), and by this court in Mutual Life Ins. Co. v. Lovejoy, 201 Ala. 337, 78 So. 299, L. R. A. 1918D, 860, and United Order of the Golden Cross v. Overton, 203 Ala. 335, 83 So. 59, 60, 13 A. L. R. 672. In the latter case it is referred to as "an assurance against the hazard of litigation."

While the assignments of error are quite numerous and extensively argued by appellant, yet, we think, in view of the incontestable clause above referred to, a consideration of the cause may be brought within a narrow compass.

---

[1] 221 Ala. 501.

■ Defendant interposed numerous pleas setting up a breach of warranty as to the condition of the health of the insured at the time of the issuance of the policy to the effect that she had a named disease that materially increased the risk of loss, but which failed to allege there was any "actual and intended fraud," to use the language of the incontestable clause. The count sustained demurrer to these pleas and a number of the assignments of error relate to this ruling.

Appellant cites sections 8364, 8049, and 8050, Code 1923, and Mut. Life Ins. Co. v. Allen, 174 Ala. 511, 56 So. 568; Sov. Camp, W. O. W., v. Hutchinson, 214 Ala. 540, 108 So. 520; Ind. Life Ins. Co. v. Seale, 219 Ala. 197, 121 So. 714; Brotherhood Rwy. & S. S. Clerks, etc., v. Riggins, 214 Ala. 79, 107 So. 44; National Life Ins. Co. v. Winbush, 215 Ala. 349, 110 So. 571; Ind. Life Ins. Co. v. Carroll, 219 Ala. 79, 121 So. 88; Miller v. Metropolitan Life Ins. Co., 214 Ala. 5, 106 So. 335; and Beason v. Sov. Camp, W. O. W., 208 Ala. 276, 94 So. 123, among other authorities. But neither these authorities nor the cited statutes deal with an incontestable clause as here presented and, therefore, are inapplicable to the instant case. The ruling of the court as to these pleas gave effect to the language of the incontestable clause and was free from error.

■ Numerous assignments of error relate to the refusal of quite a number of requested charges which ignore the incontestable clause, and their refusal was justified for like reasons as for the rulings on the pleas, and need no separate treatment here. Some of these requested charges (assignments of error 93, 94, and 104) rest upon a presumption of an intent to deceive from certain known facts, and the case of Miller v. Metropolitan Life Ins. Co., 214 Ala. 5, 106 So. 335, is cited in support thereof. But this authority was not considering language of an incontestable clause as here presented "actual and intended fraud," which we think clearly excludes fraud arising by virtue of any presumption of law. Some other charges were properly refused as indicating too much stress upon the matter of disease without any reference to the question of "actual and intended fraud," and thus possessing a misleading tendency.

That there was no reversible error in that portion of the oral charge to which exception was reserved follows from what has already been said and needs no further comment.

■ Appellant seeks to avoid the effect of the language of the incontestable clause by reference to another clause in the policy to the effect that "no obligation is assumed by the company unless on the date and delivery hereof the insured is alive and in sound health," etc. But it has been frequently held that such a clause is in legal effect a warranty (Independent Life Ins. Co. v. Seale, 219

Ala. 197, 121 So. 714), and constituting a part of the policy is to be read in connection with the whole. The usual rules of construction governing the interpretation of insurance policies are applicable to the construction of incontestable clauses therein, and if there is reasonable doubt as to the extent of the application of the incontestable clause it must be solved in favor of the beneficiary. 37 Corpus Juris, 540. The argument that by a breach of such warranty there was in fact no contract upon which an incontestable clause could rest, would but permit the phraseology of one clause to defeat the other, though both constitute parts of the same contract. The insistence is unsound.

Dr. Denson, testifying for defendant, stated he treated the insured for heart disease some time prior to the issuance of the policy, and it was of course competent for plaintiff to prove statements made by him to the effect that in fact she was only suffering from a change of life, a proper predicate being laid therefor. It is insisted the predicate for introduction of such contradictory statements was insufficient in failing to specify time and place which is required by the general rules. 40 Cyc. 2728, 2729; McDaniel v. State, 166 Ala. 7, 52 So. 400. The reason for the rule is to prevent surprise and give the witness an opportunity for explanation. But the authorities hold the rule is not ironclad and perfect precision as to either is not required. "When it is clear the witness cannot be taken by surprise, and ample opportunity is afforded to make any explanation desired, the predicate is sufficient to authorize proof of contradictory statements." So. Rwy. Co. v. Williams, 113 Ala. 620, 21 So. 328. "The essential matter * * * is that the witness shall not be misled." 40 Cyc. 2731.

It may be conceded the predicate may well have been more precisely laid as to time and place, but we are persuaded the witness was not misled and ample opportunity afforded for explanation. Indeed, as to some of the evidence this criticism does not apply, with particular reference to that of plaintiff himself as to his conversation with Dr. Denson at his office some two weeks after the death of his wife.

Refused charges 17 and 18 (assignments of error 67 and 68) were based upon the theory that the court takes judicial knowledge that cardio-nephritis is such a disease as materially shortens life and increases the risk of loss. We have held that consumption (Brotherhood of Rwy., etc., Clerks v. Riggins, 214 Ala. 79, 107 So. 44) and cancer (Miller v. Metropolitan Life Ins. Co., 214 Ala. 5, 106 So. 335) are of such known incurability and fatal character as would be known to all men, nonprofessional as well as medical men, to be material to the risk of insurance as a matter of judicial knowledge. But the basis of such finding is that courts may properly take notice of facts that may be regarded as forming part of the common knowledge of every person of ordinary understanding and intelligence. On the other hand, courts do not take judicial knowledge of facts merely because they may be ascertained by reference to dictionaries or other publications, nor of facts which the courts cannot know without resort to expert testimony or other proof. 23 Corpus Juris, 59, 60. We think cardio-nephritis comes within the latter class, and these charges were properly refused.

We do not consider that the assignments of error relating to the refusal of the affirmative charge and the denial of a new trial call for any discussion. The question of actual and intended fraud clearly presented a jury question, and we adhere to our former conclusion that a jury question was likewise presented as to the question of disease.

In view of the incontestable clause, however, which was not involved on the former appeal, the question of actual and intended fraud was the one of most material concern. Our former holding, therefore, respecting the ruling on the motion for new trial is not here pertinent.

Upon consideration of the present record, we find no justification for disturbing the action of the court in denying the new trial.

We have considered all material questions presented and argued in brief, and find no error to reverse. Let the judgment, therefore, be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

