(136 So. 798)
## MOORE v. BANKERS' CREDIT LIFE INS. CO.
### 3 Div. 961.

Supreme Court of Alabama.
Oct. 8, 1931.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

374

Harsh & Harsh, of Birmingham, and Thos. B. Hill, Jr., and Wm. Inge Hill, both of Montgomery, for appellee.

GARDNER, J.

The suit is on a life insurance policy bearing date July 20, 1928, insuring the life of James R. Moore, who died (concededly by his own hand, so far as the purposes of this appeal are concerned) on February 21, 1930. The policy contained the following provision known as the suicide clause: "If the insured shall within two years from the issue date of this policy, die by his or her own hand, or act, whether sane or insane, this policy shall be valid only for an amount equal to the premiums received on the policy."

The insured having died by his own hand within the period of two years specified in the above-noted clause of the policy, it would appear very plain the insurer has done all required of it by tendering the premiums received, and that such sum would be the limit of its liability.

But plaintiff insists, in effect, that other considerations nullify this plain provision of the suicide clause. The argument is that, although insured died in February, 1930, and within two years of the date of the policy, yet suit was not brought until after the expiration of such two years, that is, on August 7, 1930, and therefore the case is governed by the provisions of the incontestable clause of the policy, which reads as follows: "Incontestability: This policy, together with the application therefor, a copy of which is attached to the policy, and made a part thereof, constitutes the entire contract between the parties, and shall be incontestable after two years from its date of issue, except for the non-payment of the premiums, provided that, if the age of the insured has been misstated, the amount payable under the policy shall be such as the premiums paid would have purchased at the correct age."

There are authorities to sustain this view, notably among them the case of Fore v. New York Life Ins. Co., 180 Ark. 536, 22 S.W.(2d) 401, 67 A. L. R. 1358, here directly in point, a decision, however, by a sharply divided court, and wherein was registered by the minority a vigorous dissent. Other authorities supporting this view are found in the note to the Fore Case, and in notes to section 1262 n, vol. 6, Couch on Insurance, and appear to rest upon the theory there is a conflict between suicide and incontestable clause, and, in view of the rule that in case of doubt the contract is to be construed most strongly against the insurer, that therefore the incontestable clause must be held to prevail over the suicide clause.

Plaintiff also relies upon Mutual Life Ins. Co. v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102, from the United States Supreme Court, as sustaining her contention, but that case did not involve a consideration of a suicide clause as here presented, and is therefore not here in point. So likewise in our own case of Mutual Life Ins. Co. v. Lovejoy, 201 Ala. 337, 78 So. 299, L. R. A. 1918D, 860, there was no occasion to consider any suicide clause of the policy, and that decision is therefore inapt here. Like comment is applicable to Pacific Mut. Life Ins. Co. v. Strange (Ala. Sup.) 135 So. 477;[1] Independent Life Ins. Co. v. Carroll, 222 Ala. 34, 130 So. 402, and Mutual Life Ins. Co. v. Maddox, 221 Ala. 292, 128 So. 383, cited by appellant in supplemental brief. The question is therefore an open one in this State.

We find ourselves in accord with those authorities entertaining the view that there is in fact no conflict between these two clauses; the one being independent of the other.

We recognize, and have often given effect to, the universal rule that in case of doubt the policy contract is to be construed must strongly against the insurer, but, unless there exists some reasonable basis for a doubt, the rule cannot obtain, for the rule of reason yet prevails, and we consider the latter authorities as resting upon the more reasonable foundation.

Among the cases discussing the question, that of Myers v. Liberty Life Ins. Co., 124 Kan. 191, 257 P. 933, 935, 55 A. L. R. 542, from the Kansas Supreme Court, commends itself to our minds as well reasoned and as here much in point. Speaking of these clauses, the court said:

"The suicide provision is clear and explicit. Its plain meaning is that the policy does not become operative as against suicide until two years have elapsed from date of issue, and, in the event of suicide at any time within that period, the company's liability is limited to

[1] Ante, p. 226.

the amount of premium it has received. Insurance is a business affected with a public interest. Viewed from the standpoint of public interest and public policy, the provision is sound in law, morals, and insurance economy. It was entitled to a place in the contract, was inserted in the contract, and it must not be read out of the contract, unless its effect is nullified by some provision of greater potency with which it cannot be reconciled.

"What the company was trying to guard against was insurance taken out by a person who intended to resort to suicide as a means of recouping or swelling his estate, or of providing for or enriching some beneficiary or beneficiaries. Experience shows that this is done often enough to warrant declination of the risk. Such being the purpose of the suicide provision, there is no necessary conflict between it and the incontestable provision. In strictness, they relate to different subjects. One relates to engaging quality of the contract, and the other to definition of risk. Observing the distinction, at the end of a year the company was bound to the full extent of the risk it assumed, but it was not liable on a risk which it stipulated it would not assume, and the defense that the assured committed suicide no more contested the policy than a defense that he is still alive."

The opinion further reasons that, even conceding that the defense of suicide under the provisions of such a clause is a contest of the policy, yet it relates to a specific subject, and so constitutes an exception to the general provisions of the incontestable clause. "One is general. The other relates to a specific subject, and so constitutes an exception to the general provision."

And, as said by the Tennessee court in Scales v. Jefferson Standard Life Ins. Co., 155 Tenn. 412, 295 S. W. 58, 55 A. L. R. 537, "The defense of suicide, if occurring after two years, is cut off under the terms of the policy, not by the general incontestable clause (a), but by the suicide clause (b) itself." The Scales Case also holds the view there is no conflict between the suicide and incontestable clauses, quoting with approval from the opinion in Mack v. Conn. Gen. Life Ins. Co. (C. C. A.) 12 F.(2d) 416: "A contest made within two years is not to be confused with a defense of death by suicide committed within two years. * * * But in the suicide clause the two-year period is a period of exclusion of risk on account of suicide. That clause does not undertake to limit the time within which the defense of suicide may be made."

The New Mexico court in Stean v. Occidental Life Ins. Co., 24 N. M. 346, 171 P. 786, 787, in discussing this question, said: "When the appellee asked the court to construe the policy according to the plain language embraced therein, did that amount to a contest under the incontestable clause? It must be clear that every resistance by the insurer against the demand of the beneficiary is in one sense a contest, but it is not a contest of the policy; that is, not a contest against the terms of the policy but a contest for or in favor of the terms of the policy. In other words, there are two classes of contests; one to enforce the policy, the other to destroy it. Undoubtedly the term 'incontestable' as used in a life insurance policy means a contest, the purpose of which is to destroy the validity of the policy, and not a contest the purpose of which is to demand its enforcement. Here, the appellant and the appellee are demanding exactly the same thing, namely, the enforcement of the terms of the policy. The dispute is as to those terms, and seeking the construction by the court of the terms of the policy and the application of the terms when ascertained is not a contest of the policy."

To like effect is the case of Woodbery v. New York Life Ins. Co., 129 Misc. Rep. 365, 221 N. Y. S. 357, and other cases cited in note to section 1262 in Couch on Insurance, and to the Myers' Case, 55 A. L. R. 549, supra.

We are therefore persuaded that the only reasonable construction to be given this policy is that the suicide and incontestable clauses are not in conflict, but independent, the one of the other. To hold otherwise and to the effect that the general provisions of the incontestable clause superseded and nullified those of the suicide clause would do violence to clear intention of the parties plainly and unambiguously expressed. The Tennessee court in the Scales Case, supra, indicated a view that the question of time limitation in the suicide clause there considered marked a distinction from those cases in which the suicide clause without time limitation was considered.

No occasion here arises for a consideration of such question, as the policy here under review contains a time limitation in the suicide clause which happens to be the same as in the general incontestable clause, and the decision here is properly rested upon the facts of this particular case. In any event, however, the time limitation would seem to add emphasis to the conclusion reached. Insured died by his own hand within the two-year period of the suicide clause, which was also within the period of the incontestable clause. It would, we think, be a most strained construction to hold that the parties by the language of these two clauses intended to permit the insured's liability to rest upon the action of the beneficiary in delaying suit until after the expiration of the two-year period. Nor could it well be construed as fixing liability upon failure of the insurer to promptly seek cancellation, a remedy denied under the facts of the particular case in National Life

& Accident Ins. Co. v. Propst, 219 Ala. 437, 122 So. 656. We rather construe the policy as simply meaning that, if insured died by his own hand·within the two-year period, the beneficiary should receive only the amount represented by the premiums paid, and this regardless of the date of the institution of the suit, for the suicide clause expressly discloses such was the full extent of the risk assumed during that period, which clause is wholly indepéndent of the incontestable clause. But we forego further discussion.

We are of the opinion the trial court correctly construed the policy contract, and the judgment is accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

