143 So. 171

## SOVEREIGN CAMP, W. O. W., v. ROWE.
### 8 Div. 396.

Supreme Court of Alabama.

June 25, 1932.

Wert & Hutson, of Decatur, for appellant.

A. J. Harris and Norman W. Harris, both of Decatur, for appellee.

**338**

GARDNER, J.

The suit is upon an insurance benefit certificate. The defense rests upon the theory that the insured was not in sound health, such as to materially increase the risk of loss, at the time of the delivery of the policy, contrary to the warranty in his application, and that he misrepresented the condition of his health with actual intent to deceive. Section 8507, Code 1923.

The application was made on April 2, 1930, the certificate issued April 16th, and was delivered and receipted for by the insured on April 19, 1930.

Defendant rests largely upon a showing as to the testimony of Dr. Elliott, wherein it is stated that on the night of April 5, 1930, he attended insured who was suffering from appendicitis, and that he called again on April 6th and 7th, that he advised an operation, and that insured died in December following of chronic appendicitis.

But there was other proof tending to the contrary and presenting a jury question. It was to the following effect: Insured was strong and robust in appearance, and had never been sick until Saturday night, April 5th, when he complained of a pain in his stomach, which he attributed to something he had eaten. He remained in bed Sunday, but was up thereafter and went to his business (he was a merchant) on Tuesday, and continued to go to the store every day until Thanksgiving morning November 27th, when he became sick, had an operation for appendicitis on the 28th, and died December 5, 1930. As to his sickness April 5th, he had no nausea, no fever, and from the time he resumed his place at the store on Tuesday the 8th to the morning of Thanksgiving following, insured appeared well, and in good health, and made no complaint of any kind, and that the symptoms of the fatal sickness were different from those of April 5th.

The financial secretary of the local camp directed insured to Dr. Howell, the camp physician, for examination, which was had on April 4th. This examination, according to Dr. Howell's testimony, disclosed no physical defects of any character, and that, if insured had been suffering with chronic appendicitis at that time, it would doubtless have been discovered; that, if one recovers from the attack, he usually recovers in a few days. This witness further testified that about ten days or two weeks following the examination on April 4th, insured came for another examination; that he knew of his previous sickness and of the report that it was appendicitis and made an examination which disclosed no tenderness or soreness and insured was in good health at that time and "thoroughly comfortable." His testimony is further to the effect that when there is recovery from one attack of appendicitis and months elapse before another, they are each separate "and it doesn't affect his health between the times." Dr. Howell's testimony further tends to show that other causes could have produced the symptoms of which insured complained when sick on April 5th, and that whatever attack insured had would not be considered "as a grave attack." And the testimony of defendant's medical director shows that it is possible for one to fully recover from a very light attack between April 7th and 19th.

The financial secretary stated insured appeared in good health from the time of the application to the delivery of the certificate; that when insured signed for the certificate he did not read the receipt he was signing, known as the "acceptance slip." His further testimony disclosed that insured had paid all dues and was in good standing with the lodge at the time of his death.

We think the foregoing recital of the salient features of the evidence suffices to show, without discussion, that whether or not the sickness of April 5th was appendicitis or some other trouble was a jury question as well as whether or not it was such a sickness as materially increased the risk of loss. Sovereign Camp, W. O. W., v. Gibbs, 217 Ala. 108, 114 So. 915; Padgett v. Sovereign Camp, W. O. W., 218 Ala. 255, 118 So. 456. So, likewise, with the question of misrepresentation with intent to deceive. Independent Life Ins. Co. v. Carroll, 222 Ala. 34, 130 So. 402.

The cases relied upon by defendant (Brotherhood of Rwy. & S. S. Clerks v. Riggins, 214 Ala. 79, 107 So. 44; Life Ins. Co. of Virginia v. Newell, 223 Ala. 401, 137 So. 16) are widely different on the facts from the instant case, and in no manner militate against the conclusion here reached.

We conclude a jury question was presented upon both issues of fact above indicated, and upon a consideration also of the motion for a new trial we are not persuaded the action of the trial court in denying the same should be here disturbed.

Plaintiff's requested charges 3, 4, and 5 were given without error. Sovereign Camp, W. O. W., v. Gibbs, supra.

Defendant's requested charge 4 was properly refused. It rests a verdict for defendant upon the mere signing by insured of the acceptance of the certificate and the assumption of an attack of appendicitis on April 5th, however slight, and ignores any complete recovery therefrom and any intent to deceive or that such sickness was of a character to materially increase the risk of loss. Padgett v. Sovereign Camp, W. O. W., supra.

The argument that the court takes judicial knowledge that any attack of appendi-

citis would increase the risk of loss is without merit. Independent Life Ins. Co. v. Carroll, supra.

There was no conflict in the evidence that insured was in good standing with the lodge.

■ Defendant's charge 8 was misleading, if not otherwise faulty, and there was no error in its refusal.

■ Aside from any other criticism, charges 11 and 12, refused to defendant, assume an actual intent to deceive by the signing of the acceptance slip by the insured, ignoring the proof tending to show that the insured signed the same without reading it, and without a full realization of its contents, and merely in a formal manner at the direction of the secretary of the local camp. Their refusal constitutes no error to reverse.

■ The refused charge made the basis of assignment of error 17 was substantially covered by the court's oral charge as well as an unnumbered charge given at defendant's request. So likewise the charge made the basis of the eighteenth assignment of error was substantially embraced in the oral charge of the court, and there was no reversible error in its refusal.

We have considered the assignments of error argued in brief for appellant, and find no error to reverse.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and KNIGHT, JJ., concur.