282 So.2d 306

### The NATIONAL LIFE AND ACCIDENT INSURANCE CO.

v.

### Arthur MIXON.

### 6 Div. 132.

Court of Civil Appeals of Alabama.

Aug. 2, 1972.

Rehearing Denied Aug. 30, 1972.

Brobston & Brobston, Bessemer, for appellee.

James E. Simpson, Birmingham, for appellant.

WRIGHT, Presiding Judge.

This case was presented to the trial court on stipulated facts and exhibits. There was judgment in favor of plaintiff. Defendant brings this appeal, assigning as error the entry of the judgment.

The suit was upon a policy of insurance providing benefits in the event of loss of sight in both eyes by the insured. It is stipulated that there was a loss of sight by insured as a result of glaucoma. It is further stipulated that the glaucoma existed on and prior to the issuance of the policy. The insurer denied the claim for benefits because the loss was not covered by the terms of the policy.

The policy provided as follows:

"In all cases, benefits under this provision shall be allowed only if the loss (1) occurs while no premium is in default beyond the grace period, and (2) is caused solely by disease or injuries contracted or sustained after the Date of Issue."

The policy further contains the following:

"Incontestability—This policy shall be incontestable one year from the Date of Issue, except for non-payment of premiums."

The only issue presented upon trial and on this appeal is—does the incontestable clause of this policy preclude the insurer from asserting the existence of the glaucoma prior to the issuance of the policy as a defense to the suit thereon?

It is agreed that there is no prior case in Alabama dealing with the precise issue in relation to similar policy provisions. However, the purpose and effect of an incontestability clause in life insurance policies has been considered in several cases in this state. Mutual Life Ins. Co. of New York v. Lovejoy, 201 Ala. 337, 78 So. 299; Independent Life Ins. Co. v. Carroll, 222 Ala. 34, 130 So. 402; Independent Life Ins. Co. v. Vann, 24 Ala.App. 93, 130 So. 520; Moore v. Bankers' Credit Life Ins. Co., 223 Ala. 373, 136 So. 798; Ginsberg v. Union Central Life Ins. Co., 240 Ala. 299, 198 So. 855. It is recognized that an incontestable clause is valid and binding. Independent Life Ins. Co. v. Carroll, supra. There is a statutory incontestable clause of two years required in all life insurance policies. Title 28, Section 7, Code of Alabama 1940.

What is the meaning of the term "incontestable" as used in a policy of insurance? It appears that the Supreme Court of Alabama has adopted the definition set out in the case of Stean v. Occidental Life Ins. Co., 24 N.M. 346, 171 P. 786. That is, "The term 'incontestable' as used in a life insurance policy means a contest, the purpose of which is to destroy the validity of the policy, and not a contest the purpose of which is to demand its enforcement." Moore v. Bankers' Credit Life Ins. Co., supra; Ginsberg v. Union Central Life Ins. Co., supra; Equitable Life Assur. Soc. of United States v. First National Bank of Birmingham, C.C.A. 5, 113 F.2d 272. This appears to be in line with the majority of authority in other states in considering incontestable clauses in disability policies. 13 A.L.R.3d 1383, 1393; Mayer v. Prudential Life Ins. Co. of America, 121 Pa.Super. 475, 184 A. 267, and cases cited therein.

An incontestable clause, though general in terms, does not preclude defense of a suit on the policy on the grounds that the claim does not come within the risk assumed under the terms of the policy. In spite of such a clause, a claimant is not relieved from establishing his right of recovery under the specific language of the policy, as where he must show that the in-

**700**

sured's illness arose after the attachment of the policy.

 In this case, there is a clause excluding from the risk of the policy any loss of eyesight caused by disease contracted prior to issuance of the policy. Such clause is not a warranty or condition precedent as was the case in Independent Life Ins. Co. v. Carroll, supra, and Independent Life Ins. Co. v. Vann, supra, but is an exclusion from coverage. The insistence by appellant for the enforcement of this independent clause in the policy is not a contest against the terms of the policy, but a contest in favor of the terms of the policy. Equitable Life Assurance Soc. v. First National Bank, supra; Ginsberg v. Union Central Life Ins., supra.

It was said in Darden v. North American Ben. Ass'n, 170 Va. 479, 197 S.E. 413, as follows:

"Under the incontestable clause, the insurer may not contest the validity of the contract for false or fraudulent statements made by the insured to secure the policy, nor for breach of covenants and conditions subsequent by the insured, after liability has become fixed. But the statute does not deny to the insurance carrier the right to question the genuineness of the claim, controvert the amount of its liability, or to contend that the risk involved was not assumed in the coverage."

Mr. Justice Cardozo, prior to attaining a position on the United States Supreme Court, stated the principle involved here in the case of Metropolitan Life Ins. Co. v. Conway, 252 N.Y. 449, 169 N.E. 642: "Where there has been no assumption of risk there can be no liability. . . The kind of insurance one has at the beginning, that, but no more, one retains until the end."

Since appellant never assumed the risk of loss of eyesight due to disease existing at the time of issuance of the policy, under the stipulated facts in this case, there was no coverage for insured's loss. The presence of an incontestable clause in the policy does not remove the insured's burden of proving coverage of his loss under the terms of the policy.

For error in entering judgment in favor of the insured, this cause must be reversed and this court renders judgment for the defendant which should have been entered by the trial court.

Reversed and rendered.

HOLMES, J., concurs.

BRADLEY, J., not sitting.