THE INTERNATIONAL LIFE INSURANCE AND TRUST COMPANY, Respondent, *v.* THE FRANKLIN FIRE INSURANCE AND TRUST COMPANY, Appellant.

A policy of fire insurance contained a clause declaring, in substance, that in case the assured cause the property to be described other than it really is, so that it be charged at a lower premium, or if the risk be increased by means within his control, without notice and consent, the policy will be void; also, that if the risk be increased by the erection of buildings, "or by the use of neighboring premises or otherwise," or if for any other cause the company shall so elect, it shall be optional with it, after notice to the assured or his representative, to terminate the insurance; in that case refunding a ratable proportion of the premium. In an action upon the policy, defendant's evidence tended to show that before the loss it notified the insured and plaintiff, who, as mortgagee, was, by the policy, entitled to receive the insurance in case of loss, that it elected to and did cancel the policy; defendant also tendered back the unearned premium. *Held,* that it was entirely optional with defendant when, and for what reason, to terminate the insurance, and the motive or the sufficiency of the cause could not be inquired into; and that, therefore, a refusal of the court so to charge, and a refusal to submit the question of cancellation to the jury, was error.

(Argued April 21, 1876; decided April 28, 1876.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York,

affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought upon two policies of fire insurance upon buildings and machinery, issued by defendant to one James Wilson, owner; loss, if any, payable to plaintiff, as mortgagee.

Attached to, and made part of each policy, were certain "conditions of insurance," and among them the following:

"1. Persons desirous of making insurances are to furnish the company with the following information: The construction, material, occupancy and location of the buildings, as well as of those contiguous, and a description of the articles to be insured. If the assured shall cause the buildings, goods or other property to be described in this policy otherwise than as they really are, so that they be charged at a lower premium than is herein proposed, this policy shall be of no force; or if the risk shall be increased by any means whatever, within the control of the assured, during the continuance of the insurance, and notice thereof be not given to the company, and such increased risk be allowed and indorsed thereon, this policy shall be of no force; or if, during the insurance, the risk be increased by the erection of buildings, or by the use or occupation of neighboring premises, or otherwise; or if, for any other cause, the company shall so elect, it shall be optional with the company to terminate the insurance, after notice given to the assured, or his representative, of their intention to do so, in which case, the company will refund a ratable proportion of the premium."

Defendant gave evidence, on the trial, tending to show that, prior to the loss, it notified Wilson and plaintiff that it elected to cancel, and that it did cancel the policy; also, that it tendered the unearned premiums on both policies.

Defendant's counsel moved to dismiss the complaint on the ground that the policies had been terminated before the loss, which motion was denied. Said counsel then moved for leave to go to the jury upon the question of cancellation, which was also denied.

Said counsel asked the court to charge, among other things: "That, by the terms and conditions of the policies, the defendant had the right to terminate the policies before a loss occurred, by giving notice of its intention to do so to the party insured by the policies, or his representative, and refunding to such insured party, or his representative, a ratable proportion of the premiums prescribed in the policies," which request was refused; and the court, upon motion of plaintiff's counsel, directed a verdict for plaintiff. To all of which rulings said defendant's counsel duly excepted. A verdict was rendered in accordance with the direction.

*Joseph A. Welch* for the appellant. The insurance was terminated by the notice given and tender of rebate of premium to the assured by defendant's general agent. (*Van Valkenburgh* v. *Lenox F. Ins. Co.*, 51 N. Y., 465; *Hathorn* v. *Ger. Ins. Co.*, 55 Barb., 28; *Williams* v. *People's F. Ins. Co.*, 57 N. Y., 274; *Allen* v. *Massasoit Ins. Co.*, 99 Mass., 160.) Defendant was entitled to go to the jury on the question concerning the actual cancellation of the policies through Place, as agent of the assured. (*Grosvenor* v. *At. F. Ins. Co.*, 17 N Y., 391; *Bidwell* v. *N. W. Ins. Co.*, 19 id., 179; *Springfield F. and M. Ins. Co.* v. *Allen*, 43 id., 389; *Cone* v. *Ma. F. Ins. Co.*, 60 id., 619; *Graves* v. *Hampden F. Ins. Co.*, 10 Al., 281; *Macomber* v. *Camb. F. Ins. Co.*, 8 Cush., 133; *King* v. *State Mut. F. Ins Co.*, 10 id., 337; *Jackson* v. *F. Ins. Co.*, 5 Gray, 52; *Hale* v. *Mech. Mut. F. Ins. Co.*, 6 id., 169; *Loring* v. *Mfrs. Ins. Co.*, 8 id., 28; *Bowditch* v. *M. F. Ins. Co.*, id., 38; *Young* v. *Eagle F. Ins. Co.*, 14 id., 150; *Turner* v. *Quincy Ins. Co.*, 109 Mass., 573; *State Mut. F. Ins. Co.* v. *Roberts*, 31 Penn., 438; 1 Lans., 29; 3 Met., 66; 1 Seld., 469; 3 Dutch., 134; 3 Hall, 675; 30 Md., 91; 3 E. & B., 868.)

*A. J. Vanderpoel* for the respondent. For defendant to avail itself of the reserved option to terminate the contract, the cause must be of the nature of those specifically enumerated in the condition. (*Reynolds* v. *Com. F. Ins. Co.*,

47 N. Y., 597; *Corning* v. *McCullough*, 1 id., 69; *Coffin* v. *Reynolds*, 37 id., 640; *Aiken* v. *Wasson*, 24 id., 484; Potter's Dwar. on Stat., 292; *Watchone* v. *Langford*, 3 Camp., 422.) "Other person or persons" limits to persons of the same description as those enumerated. (*Branwell* v. *Pinneck*, 7 B. & C., 534; *Hardy* v. *Ryle*, 9 id., 611; *Landiman* v. *Breach*, 7 id., 96; *Kitchen* v. *Shaw*, 6 A. & E., 729; *Chegary* v. *Jenkins*, 3 Sandf., 413.) The cause must be one arising after the issuing of the policy. (*Williams* v. *People's F. Ins. Co.*, 57 N. Y., 281.) Place was not, in respect to the policies, an agent of plaintiff. (*Van Valkenburgh* v. *Lenox F. Ins. Co.*, 51 N. Y., 465.)

ALLEN, J. Upon the evidence the jury would have been authorized to find that, before the destruction of the insured buildings by fire, the defendant had notified, as well Wilson, the insured and the owner, as the plaintiff, the mortgagee, and as such, under the policy, entitled to receive the money thereon in case of loss; that it elected to, and did, cancel the policy, and offered to refund and tendered to each "a ratable proportion of the premium." The conditions attached to the policy provide that the same shall be void and of no force in case either the property has been misdescribed by the insured, so as to diminish the premium, or the risk shall be increased during its continuance, by any means whatever, within the control of the assured. In such case the company is not required to refund any part of the premium. Other clauses of the same condition provide for a termination of the insurance, at the election of the insurers, upon notice to the insured and a repayment of a ratable proportion of the premium. The insurers may so elect, if during the insurance the risk be increased by the erection or occupation of buildings upon neighboring premises "or otherwise;" and it is also provided that "if for any other cause the company shall so elect, it shall be optional with the company to terminate the insurance" after the like notice and upon repayment of unearned premium.

The claim of the plaintiff is, that there must be some cause for terminating the insurance, under the last clause of the policy of the same character as, and similar to, those described in the other clause of the condition, and involving an increase of risk. One difficulty for this interpretation is that provision had been previously and fully made for terminating the insurance, upon an increase of the risk by any means upon the insured or adjoining premises, or by means within the control of the assured, or by the acts and agency of others — that is, by any means or by any agency. The words " any other cause," in the last clause of the condition, are not to be interpreted upon the principle of *noscitur a sociis,* as words of a like character are sometimes interpreted, to limit and restrict their operation and give effect to the intent of the legislature in the construction of statutes, or of contracting parties in giving effect to their agreements. This particular paragraph or clause is perfect by itself, and is not made a part of the clauses or conditions preceding it, and is not a continuation of such clauses. The words " or otherwise," immediately preceding the paragraph under consideration, clearly include every increase of risk which would authorize the termination of the insurance for that cause. The clause upon which the defendant relies, and under which it acted, is very broad and permits the company to elect to terminate the insurance for any cause which it shall deem sufficient or by which it may be prompted to act. It makes it entirely optional with the company when and for what reason it shall terminate the contract. It may do so from mere caprice, from a desire to close its business in one particular locality, to discontinue a particular class of risks or to terminate a particular risk. The exercise of this option is not made to depend, expressly or by implication, upon any change in the risk, or upon a knowledge of any fact acquired after the making of the insurance, or upon any change in the circumstances or condition of the insured or the insurers or of the premises. The motive, or the sufficiency of the cause for the exercise of this option and election are not to be passed upon by any tribunal, but the will of the

company and its election must stand for the reason of its action, and is cause for terminating the risk. No question can be made upon this record as to the force and effect or the sufficiency of the acts of the defendant to terminate the policy, provided it had the right to do so in the exercise of its option. The plaintiff claimed, and the court in the construction of the contract held, that the right of election could not be exercised upon the mere motion and volition of the company, which we think was erroneous. We are not authorized to vary the terms of the contract and limit the right of election on the part of the insurers beyond its terms.

We are not favored with the reasons of the learned court below for the judgment given, but as we view the contract the judgment must be reversed and a new trial granted.

All concur.

Judgment reversed.