## MARTIN ALTINOVITCH'S CASE.

Berkshire.    November 15, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Insurance*, Workmen's compensation: cancellation. *Workmen's Compensation Act*, Cancellation of insurance.

In a proceeding under the workmen's compensation act, the insurer contended that, previous to the time of the claimant's injury, the insurance had been cancelled. It appeared that the policy provided, in one clause called "H," that it might be "cancelled at any time by either of the parties hereto upon written notice to the other party stating when thereafter cancellation shall be effective," and, in another clause, that if the assured should neglect to make certain statements as to employees to the insurer or to pay premiums as stipulated, the insurer at its option might cancel the policy upon ten days' notice to the assured. On August 26, the insurer gave to the assured a notice in writing as follows: "We have been advised by our home office that they are no longer willing to carry your insurance and have requested that we effect cancellation of your policy. . . . We, therefore, notify you that your policy . . . is cancelled effective at 12 o'clock noon, standard time, August 28, 1919,' and . . . [the insurer] will not be liable for any accidents occurring subsequent to that time." The claimant was injured on August 30. The Industrial Accident Board ruled that the burden of proving cancellation of the insurance was on the insurer, that, if cancellation was attempted under the second clause described above, the notice was insufficient, that the insurer had not shown under which clause the cancellation was attempted, that the burden upon the insurer therefore was not sustained and that compensation should be paid. The Superior Court entered a decree accordingly. Upon appeal, the claimant contended that the finding of the board was one of fact and could not be reversed. *Held*, that

(1) The essential facts not being in dispute, the question, whether cancellation was effected, was a matter of law;

(2) The notice of cancellation was given under clause "H," and was effective;

(3) It was enough that the notice was valid under one of the provisions of cancellation which was not repugnant to the other terms of the policy;

(4) The employee's assent to the cancellation was not necessary;

(5) The question, *whether*, under St. 1911, c. 751, Part IV, § 21, as amended by St. 1912, c. 571, § 16, the employee had any remedy by reason of his employer's failure to notify him of the cancellation of his insurance, was not before the court.

CERTIFICATION to the Superior Court, under the provisions of the workmen's compensation act, of a decision, with necessary accompanying papers, of the Industrial Accident Board awarding compensation to the claimant by reason of injuries received by him while in the employ of Warren H. Davis.

The sole question at issue was, whether, at the time the claimant was injured, the employer was insured. Material evidence is described in the opinion. The single member of the board found and ruled as follows:

"In the policy here there are two provisions in regard to cancellation, one set forth in Agreement 'H' in the policy and the other contained in the endorsement attached to the policy. Whether under Agreement 'H,' a tender of unearned premium is a condition precedent to effect a cancellation is unnecessary to decide here, as it is admitted that there was no unearned premium due the subscriber. The endorsement attached to the policy provides for cancellation where the subscriber fails to make to the insurer the required statement in regard to the compensation upon which the quarterly premium is based or to pay the quarterly premium. In such cases, it is provided that the insurer may cancel the policy upon ten days' notice to the insured.

"If the cancellation here was under Agreement 'H,' it was valid, but if made for either of the reasons set forth in the endorsement, it was invalid, inasmuch as ten days' notice was not given. No waiver of the requirements is shown.

"I rule, therefore, that, the insurer not having shown under which cancellation provision cancellation was attempted, it has not shown a valid cancellation; therefore the policy was in effect on the date of the employee's injury and he is entitled to compensation from the insurer."

Upon review, the full board affirmed and adopted the findings and rulings of the single member of the board and awarded compensation.

In the Superior Court, by order of *King*, J., a decree was entered in accordance with the decree of the Industrial Accident Board. The insurer appealed.

The case was submitted on briefs.

*A. L. Green & F. F. Bennett*, for the insurer.

*F. H. Cande & F. M. Myers*, for the claimant.

BRALEY, J. The word "subscriber" as used in St. 1911, c. 751, and acts in amendment thereof is practically the equivalent to "employer who has accepted the provisions of the act by insuring the compensation of his employees." We assume on the record that Warren H. Davis, the employer, was a subscriber at the date of the employment of Altinovitch. But even if at that time there was a valid outstanding policy, the insurer contends that it had been cancelled before the injury was received. The accident occurred at three o'clock in the afternoon of August 29, 1919, and the notice of cancellation, dated August 25, was received by the subscriber on August 26, 1919. The portions of the policy material to the issue read as follows:

"Cancellation. H. This Policy shall be cancelled at any time by either of the parties hereto upon written notice to the other party stating when thereafter cancellation shall be effective. Notice of cancellation sent by registered mail to the address of the Assured stated in the warranties hereof shall be a sufficient notice and the check of the Company similarly mailed, a sufficient tender of any unearned premium. If cancelled by the Assured on any date other than an anniversary of the date of issue of the Policy, unless the Assured has retired from business, the Company shall receive or retain the short rate premium in accordance with the table printed hereon which shall not be less than the minimum premium stated in the Warranties hereof. If cancelled by the Company at any time, or by the Assured on any anniversary of the date of issue of the Policy, the Company shall be entitled to the earned premium prorate when determined. In either case the earned premium shall be computed on the basis of the entire wages of compensation for a twelve months' period as indicated by the actual wages or compensation earned during the

period the Policy shall have been in force, such period to begin at the date of issue of the Policy or, in event of the Policy having been in force for a longer period than twelve months, at the last anniversary thereof. In any event where cancellation is at the request of the Assured, the Company shall retain not less than the minimum premium stated in the Warranties hereof."

"Endorsement.

(Quarterly Adjustment of Premium    $150.00    Deposit.)

"1. The advance premium stated in this Policy is not based upon the estimated wages for the full policy period, but is the sum hereby agreed to be paid in cash upon delivery of the policy.

"2. On or before the Twentieth day of each month succeeding each three month period under this Policy the Assured shall state to the Company in writing the full amount of compensation earned by his employees during the preceding three calendar months, or such part thereof as is within the policy period, and pay to the Company in money the entire premium earned upon such compensation at the rates named in the Policy; the advance premium to be applied to the last quarterly settlement in the policy period.

"3. If the Assured shall fail to make such statement or pay such earned premium as provided in the foregoing paragraph, such neglect or failure shall entitle the Company — at its option — to cancel the Policy upon ten days notice to the Assured, and calculate the earned premium to date of cancellation at customary short rates."

The notice of cancellation reads, "We have been advised by our Home Office that they are no longer willing to carry your insurance and have requested that we effect cancellation of your policy . . . dated May 1, 1919. We, therefore, notify you that your policy . . . is cancelled effective at 12 o'clock noon, Standard Time, August 28, 1919, and the Aetna will not be liable for any accidents occurring subsequent to that time."

It is contended by the employee that because the policy could be terminated in either way the burden of proof was on the insurer to show that the notice was sent under the cancellation clause and not under the "Endorsement," and being equivocal the insurer's intention was a question of fact, and the notice being insufficient

under the indorsement the finding and ruling of the board member affirmed by the Industrial Accident Board on review, that the policy remained in full force was warranted, and therefore cannot be reversed. The board on review also held that "The attempted cancellation of insurance . . . not having been valid and the policy being in effect at the time of the employee's injury," compensation should be awarded. The essential facts not being in dispute, the question presented by the record is one of law. The right of cancellation could be exercised only as prescribed in the policy. *Lipman* v. *Niagara Fire Ins. Co.* 121 N. Y. 454. A comparison of the notice with the wording of the absolute right to terminate, "This Policy shall be cancelled at any time by either of the parties hereto upon written notice to the other party stating when thereafter cancellation shall be effective," with the language of the indorsement that if the assured fails to pay earned premiums as stipulated the company upon such neglect or default shall be entitled at its option to cancel the policy upon ten days' notice, shows plainly that the insurer did not act under the indorsement. The mutual right of cancellation even if the right is arbitrarily exercised is conferred, while under the indorsement, the insurer alone can discontinue the policy on ten days' notice for either of the reasons stated. *Ferguson* v. *Union Mutual Life Ins. Co.* 187 Mass. 8, 10. It is enough that the notice is valid under one of the provisions of cancellation which is not repugnant to the other terms of the policy. *International Fire Ins. & Trust Co.* v. *Franklin Fire Ins. & Trust Co.* 66 N. Y. 119. The employee not being a party to the policy his assent was not necessary, although if informed before the accident of what had taken place he could have refused to remain in Davis's employment unless he reinsured and continued to be a subscriber. *Keohane's Case,* 232 Mass. 487. The question whether the employee has any remedy under Part IV, § 21 of the act as amended for failure of the employer to give him notice in writing or print "that he has provided for payment to injured employees of the association" is not before us. See *Young* v. *Duncan,* 218 Mass. 346. It follows that the decree must be reversed and the claim dismissed.

*Ordered accordingly.*