145 So. 425

## PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA v. STRANGE.

### 6 Div. 57.

Supreme Court of Alabama.

Oct. 27, 1932.

Rehearing Denied Jan. 27, 1933.

London, Yancey & Brower and Jim C. Smith, all of Birmingham, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellee.

THOMAS, J.

The bill was promptly filed, and within the time required, for rescission of a certificate of health and accident insurance on the ground that its issue was procured by vitiating fraud perpetrated by the insured.

The first trial was had on materially different pleadings and in the absence of the policy alleged to have been exhibited. The policy now before the court is to a contrary effect. and militates to a different result. Pacific Mut. Life Insurance Co. v. Strange, 223 Ala. 226, 135 So. 477.

The trial court appreciated this change in the pleading and did not follow the former decision, for that the policy when exhibited was of materially different effect; he rested the last decree on different grounds; the second decree being rested on the ground of demurrer that there was a complete and adequate remedy at law.

The certificate contained, among other things, the following clear and unambiguous provisions:

"Non-Cancellable Income Policy.

"This policy provides indemnity for loss of time through accidental means, and for loss of time by sickness; to the extent herein provided.

"Founded 1868.

"The Pacific Mutual Life Insurance Company of California.

"(Herein called Company)

"Hereby insures * * * George Howell Strange * * * (Herein called Insured and described in the application), subject to all provisions and limitations herein contained:

"Against disability commencing while this policy is in force and resulting from bodily injury effected through accidental means; and against disability commencing while this

policy is in force and resulting from sickness," etc.

"Insurance under this policy is effective in consideration of the payment in advance of the premiums herein provided for and in further consideration of the statements made in the application for this policy, copy of which application is attached hereto and is hereby made a part of this policy. The falsity of any statement in the application, materially affecting either the acceptance of the risk or the hazard assumed hereunder, or made with intent to deceive shall bar all right to recovery under this policy."

The application for. the benefit certificate contained the express provisions:

"I hereby apply for Non-Cancellable Life Insurance to ———— on the following representations and on the representations that I shall make in answer to the questions to be made by the Company Medical Examiner in continuation of this application. * * *

"17. Do you agree that the falsity of any answer in this application for insurance or any answer made to the Company's Medical Examiner in continuance of this application for insurance or any answer made to the Company's Medical Examiner in continuance of this application for insurance shall bar the right to recover thereunder if such answer is made with intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the Company? ·

"Yes."

The averred false answers were of material fact, made to deceive, had that effect, and caused the certificate to issue because of such fraud.

■ The terms "non-cancellable" and "non-contestable" are not synonymous terms in life or health and accident insurance. The former designation, "non-cancellable," did not and was not intended by the parties to qualify the express limitations we have set out above. Maryland Casualty Company v. Massey (C. C. A.) 38 F.(2d) 724, 71 A. L. R. 1428. The material inducement to the issue of the contract certificate was subject to all its "provisions and limitations" which we have set out and which are expressed in unambiguous ·terms, and were amply sufficient to notify the assured of the measures of protection respectively contained and provided. The term "non-cancellable," as used, merely limited the right of assurer to cancel after an illness or accident, so long as the premium was paid (Pennsylvania Casualty Company v. Perdue, 164 Ala. 508, 51 So. 352), and gave the assured material aid in this continued protection against repeated illnesses and injuries and cancellation therefor; whereas "non-contestable" or rescission for fraud or mistake after a given time se-

cured to the assured indemnity by way of short limitations by contract against belated charges of fraud and mistake, and rescission therefor, when the parties had acted thereon with the surety and to his detriment, by payment of premiums and foregoing other insurance. This distinction in the use of the two words, and that the right vel non of cancellation is a matter of contract, are recognized in the conduct of the business of insurance. The question of the motive of the parties or company in that behalf is immaterial when there is a cancellation under the terms of the contract. 32 C. J. p. 1245, § 431; Continental Insurance Co. v. Parkes, 142 Ala. 650, 39 So. 204; American Automobile Insurance Co. v. Watts, 12 Ala. App. 518, 67 So. 758; Western Assurance Co. v. Stoddard, 88 Ala. 606, 7 So. 379; International Life Ins. & Trust Co. v. Franklin Fire Insurance & Trust Co., 66 N. Y. 119.

The subject of rescission for fraud and mistake is covered generally in 32 C. J. p. 1266, § 469 et seq. See, also, Harris v. Nichols, 223 Ala. 58, 134 So. 798; Moore v. Bankers' Credit Life Ins. Co., 223 Ala. 373, 136 So. 798.

■■ We have indicated that the contract in question gave no right to the company to cancel at its option and without cause. Yet it does contain the clear and unambiguous right to seasonably and duly move for rescission for fraud, as we have indicated by the excerpt from section 28 of the contract. The incontestable clause in a policy and the rights of assurer under other clauses, as suicide, etc., are recognized as "wholly independent" clauses in Moore v. Bankers' Credit Life Ins. Co., supra. And such is the case here, between the "non-cancellable" clause, to the extent therein designated, and the clause limiting the "hazard assumed" and the false statements in the application that "shall bar the right to recover under the policy." There being no ambiguity as to the contract right, it is to be construed as any other written instrument. Liverpool & London & Globe Co. v. Kearney, 180 U. S. 132, 135, 21 S. Ct. 326, 45 L. Ed. 460.

■ We have indicated that the decree of the circuit court was based, not upon such contract provisions, but upon the fact, as declared, that the assurer had "an adequate, certain and complete" legal remedy as against the equitable remedy by cancellation that is sought during the life of assured, within a reasonable time after the fraud was discovered, and after an alleged claim for total disability had accrued, and before suit brought on the certificate or policy. It is stated generally, that where there is an incontestable clause in the policy, except for nonpayment of premiums, of force after a designated period (and no such clause is con-

tained in this policy), and the insured dies or claim accrues within such period, and there is no action brought on the policy, fraud in the procurement of issue of the policy may be seasonably availed of as follows: (1) When action is brought thereon (before or after the contestable period expired) the assurer may file his proper plea setting up the fraud, Moore v. Bankers' Credit Life Insurance Co., 223 Ala. 376, 136 So. 798; National Life & Accident Ins. Co. v. Propst, 219 Ala. 437, 122 So. 656; or (2) when no suit is brought or pending and the claim has not accrued, the assurer may seasonably assert his right of cancellation for fraud, in equity by way of rescission, Moore v. Bankers' Credit Life Insurance Co., supra; National Life & Accident Ins. Co. v. Propst, supra; Pacific Mut. Life Insurance Co. v. Strange, 223 Ala. 226, 135 So. 477.

It follows that, respondent's claim having accrued by his total disability alleged in the bill, there was no error committed by the trial court in its ruling. The judgment of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN, FOSTER, and KNIGHT, JJ., concur.