NATIONAL BENEFIT ASSOCIATION, Respondent, v.
EIDY, Appellant

(14 N. W.2d 883.)

(File No. 8661. Opinion filed June 16, 1944.)

**Danforth & Danforth,** of Sioux Falls, for Appellant.
**Fellows & Fellows,** of Mitchell, for Respondent.

ROBERTS, J.  Plaintiff instituted this action for the cancellation of a policy of life insurance issued by it to Mary Eidy, now deceased, on the ground of fraud in its procurement and reinstatement.  It is alleged that false answers were made in response to certain questions contained in the applications for insurance and for reinstatement of the policy

to the effect that insured never'had been treated for heart disease or any serious illness and that she had never consulted or been treated by a physician for any ailment other than those specifically enumerated for a period of five years prior thereto.

The answer, in addition to a general denial of the allegations of fraud, contained a motion to dismiss upon the grounds that the trial court was without jurisdiction over the subject matter of the action and that the complaint fails to state a cause of action. Defendant beneficiary thereafter instituted a separate action upon the policy and after issue was joined gave notice that the action was for trial by jury. Upon motion of plaintiff in the action for cancellation of the policy, defendant was enjoined until the further order of the court from proceeding in the law action and from commencing any other action or proceeding at law. Defendant appeals.

Appellant contends that this action for cancellation of the policy is not cognizable in equity because respondent has a plain, adequate and speedy remedy by interposing in the law action its defense of fraud and misrepresentations inducing the issuance and reinstatement of the policy. Respondent relies on Life Benefit, Inc., v. Forbragd, 68 S. D. 38, 298 N. W. 259 as authority for the contention that the case at bar presents circumstances justifying equitable cognizance. There, as distinguished from the present case, defendant interposed a legal counterclaim for money due under the policy. Defendant was not required to set up her alleged cause of action in the equity suit. When the defendant in that case voluntarily interposed her counterclaim, she waived any objection to equitable jurisdiction. An analogous effect of such affirmative action appears in First Nat. Bank v. Erling Bros., 61 S. D. 364, 249 N. W. 681, where defendant having pleaded a counterclaim of a legal nature in an equitable action could not claim the right to a jury trial. Whether the remedy sought in the Forbragd case would have been available if defendant had not interposed the counterclaim it was not necessary to determine. On the authority of American Life Ins. Co. v. Stewart, 300 U. S. 203, 57 S. Ct. 377, 379, 81 L. Ed. 605, 111 A. L. R. 1268, we stated that because plaintiff had no remedy at law until defendant commenced an action

on the policy the plaintiff insurer was entitled to maintain the suit in equity. The court in the Stewart case in an opinion written by Mr. Justice Cardozo said:

"No doubt it is the rule, and one recently applied in decisions of this court, that fraud in the procurement of insurance is provable as a defense in an action at law upon the policy, resort to equity being unnecessary to render that defense available. * * * That being so, an insurer, though the victim of a fraud, may commonly stand aside and await the hour of attack. But this attitude of aloofness may at times be fraught with peril. If the policy is to become incontestable soon after the death of the insured, the insurer becomes helpless if he must wait for a move by some one else, who may prefer to remain motionless till the time for contest has gone by. * * *· Accordingly, an insurer, who might otherwise be condemned to loss through the mere inaction of an adversary, may assume the offensive by going into equity and there praying cancellation. This exception to the general rule has been allowed by the lower federal courts with impressive uniformity. It has had acceptance in the state courts. It was recognized only recently in an opinion of this court, though the facts were not such as to call for its allowance. Enelow v. New York L. Ins. Co., supra, 293 U. S. 379 at page 384, 55 S. Ct. 310, 312, 79 L. Ed. 440 (443).

"The argument is made, however, that the insurer, even if privileged to sue in equity, should not have gone there quite so quickly. Six months and ten days had gone by since the policies were issued. There would be nearly a year and a half more before the bar would become absolute. But how long was the insurer to wait before assuming the offensive, and how was it to know where the beneficiaries would be if it omitted to strike swiftly? Often a family breaks up and changes its abode after the going of its head. The like might happen to this family. To say that the insurer shall keep watch of the coming and going of the survivors is to charge it with a heavy burden. The task would be hard enough if beneficiaries were always honest. The possibility of bad faith, perhaps concealed and hardly provable, accentuates

the difficulty. * * * 'Where equity can give relief, plaintiff ought not to be compelled to speculate upon the chance of his obtaining relief at law.' Davis v. Wakelee, 156 U. S. 680, 688, 15 S. Ct. 555, 558, 39 L. Ed. 578 (584). To this must be added the danger that witnesses may disappear and evidence be lost. A remedy at law does not exclude one in equity unless it is equally prompt and certain and in other ways efficient. Boyce's Ex'rs v. Grundy, 3 Pet. 210, 7 L.Ed. 655; Drexel v. Berney, 122 U. S. 241, 7 S. Ct. 1200, 30 L.Ed. 1219; (City of) Walla Walla v. Walla Walla Water Co., 172 U. S. 1, 19 S. Ct. 77, 43 L.Ed. 341; Union P. R. Co. v. Board of Com'rs of Weld County, 247 U. S. 282, 287, 38 S. Ct. 510, 62 L.Ed 1110 (1116). 'It must be a remedy which may be resorted to without impediment created otherwise than by the act of the party.' Cable v. United States L. Ins. Co., supra, 191 U. S. 288, at page 303, 24 S. Ct. 74, 76, 48 L.Ed. 188, (192). Here the insurer had no remedy at law at all except at the pleasure of an adversary. There was neither equality in efficiency nor equality in certainty nor equality in promptness. 'The remedy at law cannot be adequate if its adequacy depends upon the will of the opposing party.' Bank of Kentucky v. Stone, C. C. 88 F. 383, 391; cf. Lincoln Nat. L. Ins. Co. v. Hammer, 8 Cir., 41 F.2d 12, 16. To make a contract incontestable after the lapse of a brief time is to confre upon its holder extraordinary privileges. We must be on our guard against turning them into weapons of oppression."

The policy involved in the Stewart case contained an incontestable clause. If a policy is to become incontestable, the beneficiary has only to wait until the specified time has expired and the defense of fraud is not available to an action then commenced. The incontestability clause presented a special circumstance which in that case necessitated the intervention of equity and the decision is not authority for the rule that equity will exercise jurisdiction to cancel a policy of life insurance on the ground that it was obtained by fraud irrespective of the availability of the defense of fraud to an action at law.

The rule has been generally adopted that a court of equity will not cancel a policy of insurance after death when fraud may be set up as a defense to an action at law

upon the policy and there are no special circumstances which would prevent the defense from being available, adequate and complete. Phoenix Mut. Life Ins. Co. v. Bailey, 13 Wall. 616, 20 L.Ed. 501; New York Life Ins. Co. v. Miller, 8 Cir., 73 F.2d 350, 97 A. L. R. 562; Johnson v. Swanke, 128 Wis. 68, 107 N. W. 481, 5 L. R. A., N. S., 1048, 8 Ann. Cas. 554; Bank ers Life Co. v. Bennett, 220 Iowa 922, 263 N. W. 44; Parke v. New York Life Ins. Co., 95 Mont. 503, 28 P.2d 443; Travelers Ins. Co. v. Snydecker, 127 Misc. 66, 215 N. Y. S. 276; Mueller v. John Hancock Mut. Life Ins. Co., Mo. App., 261 S. W. 709; Pacific Mut. Life Ins. Co. of Cal. v. Strange, 226 Ala. 98, 145 So. 425; Northern Life Ins. Co. v. Walker, 123 Wash. 203, 212 P. 277; see also Couch on Insurance, § 1435, and Annotations in 12 L. R. A., N. S., 881, and 48 L. R. A., N. S. 265.

It does not appear from the facts alleged that a lapse of time may deprive insurer of the defense of fraud because of an incontestable clause. The only circumstance appearing is that the insurer may be compelled to await the pleasure of the beneficiary to obtain a judicial determination. Granting that equity jurisdiction is not lost if after the commencement of an action an adequate legal remedy becomes available and that we must disregard the pendency of the law action in considering the sufficiency of the complaint in the present action, we do not think that this constitutes a special circumstance justifying equitable relief. The inaction of an adversary may cause annoyance and inconvenience as suggested by the court in Johnson v. Swanke, supra, but does not result in irreparable injury and does not constitute a basis for equitable relief.

Plaintiff insists that the relief sought is authorized under the provisions of SDC 37.0801, which provides as follows:

"A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may upon his application, be so adjudged and ordered to be delivered up or canceled; but if the invalidity is apparent upon its face or upon the face of another instrument necessary to its use in evidence it is not deemed capable of causing such injury."

These provisions are declaratory of the jurisdiction which courts of equity exercise upon the principle of quia temet. Castro v. Barry, 79 Cal. 443, 21 P. 946; Story's Equity Jurisprudence, 14th Ed., § 947. The instrument must be of such a character that if left outstanding it may cause serious injury against whom it is void or voidable. Facts justifying cancellation under this statute are not alleged; it does not appear that if the policy is not canceled it may cause serious injury to plaintiff.

The order appealed from is reversed.
All the Judges concur.