## Fraternal Society Health Insurance

UMSTED, Special Deputy Attorney General, December 14, 1944.—You have asked the advice of this department on the following questions:

"1. Can noncancellable health and accident benefits be approved for issuance by a fraternal (benefit) society?

"2. Can the Insurance Department continue to grant authority to a society which issues such noncancellable health and accident benefits in other States, although refraining from such coverage in Pennsylvania?

"3. Can the Insurance Department approve for issuance in Pennsylvania certificates of health and accident insurance containing dependent coverage; that is to say, direct coverage on dependents of members which dependents are not in fact members of the society?

"4. Can the Insurance Department grant a certificate of authority to a fraternal (benefit) society, which society grants such dependent coverage in other States, although refraining from doing so in Pennsylvania?"

Your questions are answered seriatim.

1. We quote sections 6 and 7 of the Fraternal Benefit Societies Act of July 17, 1935, P. L. 1092, 40 PS §§ 1056 and 1057, as follows:

"Every such society, by its supreme governing or legislative body, shall have power to make, alter and amend its constitution and laws for the government of the society, the management of its affairs, the admission and classification of its members, the control and regulation of the terms and conditions governing the issue of its benefit certificates and the character or kind of benefits or privileges payable or allowable thereunder, the fixing and adjustment of the rates of contribution, fees, or dues payable by its members, and the allotment of the same to the different funds of the society. Such constitution and laws, when made and altered and amended, shall be the law governing the society and its officers, board of directors, or managers, subordinate or constituent lodges, councils, or branches, and all members and beneficiaries in their relation thereto. . . .

· "The laws of every such society from the date of the passage of this act shall provide that, if the stated periodical contributions of the members are insufficient to pay all matured claims in full and to provide for the payment of its benefit fund obligations, valued upon a valuation by one of the standards authorized herein, and for the creation and maintenance of the funds required by its laws, additional or increased rates of contribution shall be collected from the members to meet such deficiency. Such laws may also provide that each certificate shall be charged with its proportion of any deficiency disclosed by the valuation herein specified, with lawful interest thereon."

If the term "noncancellable" could be understood to imply that the rate of contribution fixed in a noncancellable policy of insurance could not be changed after the making of the insurance contract, or that the constitution and laws for the government of a society could not be changed, then its use on the face of a policy of insurance could be decidedly misleading. But we think no such implication is to be drawn.

We know of no Pennsylvania decisions defining the word noncancellable. However, we find in other jurisdictions the following cases: Pacific Mutual Life Insurance Company of California v. Strange, 226 Ala. 98, 145 So. 425, 426 (1932), and Dudgeon v. Mutual Benefit Health & Accident Assn. (C. C. A. W. Va.), 70 F. (2d) 49, 52 (1934).

These stand for the principle that the term noncancellable, as used in a health and accident insurance policy, merely limits the rights of the insurer to cancel after an illness or accident, so long as the premium is paid, and it gives the insured material aid in continued protection against repeated illness and injuries and cancellation therefor.

After considering the provisions of the Fraternal Benefit Societies Act just quoted in the light of these decisions, we conclude the use of the expression "noncancellable" in a fraternal benefit society health and accident policy in Pennsylvania should be no cause for its rejection by the Insurance Department.

Your first question is answered in the affirmative.

2. Your second question becomes moot.

3. Under section 11 of the Fraternal Benefit Societies Act, 40 PS §1061, it is provided :

"Any person may be admitted to beneficial or general or social membership in any society in such manner and upon such showing of eligibility as the laws of the society may provide, and any beneficial member may direct any benefit to be paid to such person or persons, entity, or interest as may be permitted by the laws of the society. . . ."

Under section 1 of the above act, 40 PS §1051, a fraternal benefit society is defined as follows:

"That . . . Any corporation, society, order, or voluntary association, without capital stock, *organized and carried on solely for the mutual benefit of its members and their beneficiaries,* and not for profit, and having a lodge system and representative form of gov-

ernment, or which limits its membership to a secret fraternity having a lodge system and representative form of government, and which shall make provision for the payment of benefits in accordance with section nine hereof, is hereby declared to be a Fraternal Benefit Society." (Italics supplied.)

Thus, it seems that initially the only persons who can benefit under a certificate issued by such a society are the members and those designated as beneficiaries. However, under section 40 of the act, 40 PS §1090, it is provided:

"Any fraternal benefit society authorized to do business in this State and subject to supervision, regulation, and examination by the Insurance Commissioner may provide in its laws, in addition to other benefits provided for therein, for insurance and/or annuities upon the lives of children at any age, upon the application of some adult person, as the laws of such society may provide. Any such society may, at its option, organize and operate branches for such children, and membership in local lodges and initiation therein shall not be required of such children, nor shall they have any voice in the management of the society."

Under this section it appears that beneficial societies upon application of some adult person, as the laws of the society may provide, are authorized to write insurance or annuity upon the lives of children of any age. It is susceptible of no other interpretation. And when read in conjunction with section 11, we are brought to the conclusion that health and accident certificates may be issued by fraternal benefit societies only to members but that insurance and annuities may be written upon the lives of children not members upon the application of some adult person — a member or nonmember as the laws of the society may provide.

The answer to your third question is in the negative.

4. Section 25 of the Act of 1935, supra, 40 PS §1075, which prescribes the duties of the Insurance Commis-

sioner with regard to foreign societies, reads, in part, as follows:

"When the Insurance Commissioner on investigation is satisfied that any foreign society transacting business under this act has exceeded its power or has failed to comply with any provisions of this act or is conducting business fraudulently, he shall notify the society of his findings in writing, the grounds of his dissatisfaction, and after reasonable notice require the society, on a date fixed, to show cause why its license should not be revoked."

Presuming that the method of operation of any foreign benefit society is lawfully conducted insofar as its home State is concerned and insofar as are concerned other States in which it is authorized to do business, it would seem that the Insurance Commissioner is only obliged to see to it that such society complies in Pennsylvania with Pennsylvania law. Of course, the commissioner must also be concerned with any outside activities which might impair the financial structure of the society.

Briefly, so long as it does not impair the society's financial standing, the fact that a fraternal society issues in States other than Pennsylvania health and accident insurance to nonmember children should not in itself be a reason for refusing to certify that society to do business in Pennsylvania.

The answer to your fourth question is in the affirmative.

It is our opinion and you are, therefore, accordingly advised:

1. A foreign fraternal society may issue in this Commonwealth a certificate of health and accident benefits which it terms "noncancellable".

2. Direct coverage of nonmember children for health and accident insurance by a fraternal benefit society is not authorized under the laws of the Commonwealth of Pennsylvania.

3. The fact that health and accident insurance certificates are issued by a foreign benefit society in its home State, unless financially hazardous from the point of view of Pennsylvania interests in the society, is not ground for discontinuance of its authority to do here the business authorized by our law.